**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 7, 2022**

# In the Court of Appeals of Georgia

A21A0531. HARRIS v. THE STATE.

REESE, Judge.

This case is before us on remand from the Supreme Court of Georgia. In the original case, *Harris v. State*,[1] ("*Harris I*") Shalita Harris appealed the trial court's denial of her motion for a new trial after a Houston County jury found her guilty of homicide by vehicle in the first degree and reckless driving. We affirmed the trial court's ruling.

In *Harris v. the State*,[2] ("*Harris II*") the Supreme Court of Georgia granted certiorari to consider whether we erred in concluding that Harris's claim of juror misconduct was not sufficiently prejudicial to require a new trial. The Supreme Court

---

[1] 360 Ga. App. 695 (859 SE2d 587) (2021).

[2] 314 Ga. 51 (875 SE2d 649) (2022).

concluded that the trial court erred by failing to apply the proper legal standards, specifically that it did not "accord a presumption of prejudice to Harris upon its finding that jurors engaged in improper extrajudicial research with the potential to deprive Harris of due process."[3] It also held that the trial court erred in applying the wrong standard of proof in assessing prejudice, even though it recognized that it was the State's burden to show that juror misconduct was non-prejudicial.[4] The Supreme Court of Georgia stated that the trial court should have applied "the 'beyond a reasonable doubt' standard that applies to most constitutional errors, including errors arising from juror misconduct."[5]

The Supreme Court also held that a juror obtaining extrajudicial sentencing information is not always harmless beyond a reasonable doubt.[6] As the Supreme Court stated, "[a]lthough we do not hold that a juror's obtaining extrajudicial information is *always* prejudicial, the Court of Appeals erred in concluding that such

---

[3] Id. at 55 (2).

[4] Id.

[5] Id.

[6] *Harris*, 314 Ga. at 58 (2).

information could *never* be so inherently prejudicial as to require a new trial."[7] The Supreme Court vacated our opinion and directed us "to remand the case to the trial court to determine in the first instance whether, applying the principles of law set out [in the Supreme Court's opinion], Harris's motion for a new trial based on juror misconduct should be granted."[8]

*Judgment vacated and case remanded with direction. Doyle, P. J., and Brown, J., concur.*

---

[7] Id.

[8] Id.